# EXHIBIT C

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**TERRANCE NELSON CATES,**

      **Plaintiff,**

**v.**                                                                          **Case No:   6:19-cv-1670-Orl-40LRH**

**ZELTIQ AESTHETICS, INC.,**

      **Defendant.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **NON-PARTY, DR. R. ROX ANDERSON'S RENEWED MOTION FOR PROTECTIVE ORDER, MOTION TO QUASH DEPOSITION SUBPOENA (Doc. 48)**
>
> **FILED:**      **April 22, 2020**
>
> **THEREON** it is **ORDERED** that the motion is **DENIED WITH PREJUDICE**.

On April 17, 2020, the Plaintiff served Dr. R. Rox Anderson ("Dr. Anderson"), who is not a party to this action, with a subpoena to appear for a deposition on May 20, 2020 either in Massachusetts or Maine (depending on where he is located on the date of the deposition). (Doc. 48-1 at 2). The Plaintiff's counsel, who is located in Florida, will be taking the deposition remotely due to the ongoing COVID-19 pandemic. (*Id.*).

On April 22, 2020, Dr. Anderson filed a motion for protective order and motion to quash pursuant to Federal Rules of Civil Procedure 26(c) and 45(d)(3), respectively. (Doc. 48 ("Motion")). The Plaintiff filed a timely response to the Motion arguing that it should be denied.

(Doc. 50). Upon review of the Motion and response, the Court finds the Motion is due to be denied without prejudice as having been improvidently filed in this Court.

Dr. Anderson seeks to quash the subpoena pursuant to Rule 45, which provides, in relevant part, that "the court for the district where compliance is required" must or may quash or modify a subpoena in certain situations. Fed. R. Civ. P. 45(d)(3)(A), (B). Several district courts have concluded that this language limits where a motion to quash a subpoena can be filed – namely the motion may only be filed in the district court where compliance is required. *E.g. Little Traverse Bay Bands of Odawa Indians v. Snyder*, 1:15-cv-00850-PLM-PJG, 2018 WL 7958929, *1 (W.D. Mich. Apr. 23, 2018) ("Under the current version of the Rule, when a motion to quash a subpoena is filed in a court other than the court where compliance is required, that court lacks jurisdiction to resolve the motion.") (quoting *Agincourt Gaming, LLC v. Zynga, Inc.*, No. 2:14-cv-0708-RFB-NJK, 2014 WL 4079555, at *3 (D. Nev. Aug. 15, 2014)); *Hibu Inc. v. Peck*, No. 16-cv-1055-JTM-TJJ, 2017 WL 2985751, at *1 (D. Kan. July 13, 2017) ("Absent any indication the motion to quash was transferred from the district where compliance is required under Rule 45(f), this Court is therefore without authority to rule on the motion"); *Bernath v. Seavey*, No. 2:15-cv-358-FTM-99CM, 2017 WL 11025770, *2 (M.D. Fla. May 9, 2017) ("Accordingly, pursuant to Federal Rule of Civil Procedure 45(d)(3)(A), the Middle District of Florida is not 'the district where compliance is required' and lacks the jurisdiction to quash this subpoena.") (citing *Narcoossee Acquisitions, LLC v. Kohl's Dep't Stores, Inc.*, No. 6:14-cv-203-Orl-41TBS, 2014 WL 4279073, at *1 (M.D. Fla. Aug. 28, 2014)), *but see*, *Todd v. XOOM Energy, LLC*, GJH-15-00154, 2018 WL 5081156, *2 (D. Md. Oct. 18, 2018) (recognizing that while Rule 45 obligates "the district where compliance is required" to "quash or modify a subpoena" it does not expressly disallow the court in which the action is pending from doing the same).

While the parties do not address this issue, the Court cannot ignore the plain language of Rule 45(d)(3). The Court agrees with those cases that conclude that motions to quash subpoenas must be filed in the district court where compliance is required – as opposed to the court where the subpoena was issued (unless that court is also where compliance is required). Here, the subpoena requires compliance in either Maine or Massachusetts. (Doc. 48-1 at 2). This Court therefore cannot, at this point,[1] consider the Motion - to the extent that is seeks to quash the subpoena – and therefore it will be denied without prejudice so Dr. Anderson can seek relief in the proper court.

The Court recognizes that Dr. Anderson also seeks a protective order pursuant to Rule 26(c). That rule provides, in relevant part, as follows:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—*or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken.*

Fed. R. Civ. P. 26(c) (emphasis added). Unlike Rule 45, Rule 26 gives the party seeking relief from a deposition the option of seeking relief in the court where the case is pending or the court encompassing the location where the deposition will occur. *Id.* This Court can therefore consider Dr. Anderson's request for a protective order, but so can the district court where the deposition will occur. Since the Court cannot – at this time – consider Dr. Anderson's motion to quash, the Court finds the better course of action is to deny the request for a protective order without prejudice so Dr. Anderson may move for relief under Rule 26(c) and 45(d)(3) in the district court where the deposition will occur, as that court can undoubtedly consider both requests for relief. *See Taddeo v. American Invsco Corp.*, Case No. 2:12-cv-01110-APG-NJK, 2016 WL 593522 (D. Nev. Feb. 12,

---

[1] The court where compliance with the subpoena is required may decide to transfer the motion to quash to this Court if the person subject to the subpoena consents or if the court finds exceptional circumstances. Fed. R. Civ. P. 45(f). Until that occurs, there is nothing in Rule 45 that allows this Court to consider the Motion. *See Hibu*, 2017 WL 2985751, at *1.

- 3 -

2016) (denying motion to quash and motion for protective order where the subpoena required compliance in the Northern District of Illinois).[2]

Accordingly, it is **ORDERED** that the Motion (Doc. 48) is **DENIED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** in Orlando, Florida on May 11, 2020.

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[2] While the Court could have proceeded to just consider Dr. Anderson's argument under Rule 26(c), which is distinct from his argument under Rule 45, it declines to do so. By denying the Motion in its entirety without prejudice, Dr. Anderson will be able to decide if he would like his arguments under Rule 26 and Rule 45 to both be heard by the district court where the deposition will occur, if he would like to seek transfer of such a combined motion to this Court, or if he would like to file a renewed motion in this Court seeking relief pursuant only to Rule 26(c).